**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| VistaEdge Inc., | ) | |
|     Plaintiff, | ) | Case No.: 20-cv-6877 |
| | ) | |
|     v. | ) | Judge: |
| | ) | |
| aCommerce Co. Ltd. and | ) | Magistrate: |
| aCommerce Logistics Co. Ltd., | ) | |
|     Defendants. | ) | JURY DEMAND |
| | ) | |

**COMPLAINT**

Plaintiff VistaEdge, Inc. hereby files this Complaint for, *inter alia*, trademark infringement, unfair competition, and related claims against Defendants, on personal knowledge as to Plaintiff's own activities and on information and belief as to the activities of others:

**PARTIES**

1. VistaEdge, Inc. ("Plaintiff") is a Delaware Corporation with its principal place of business located at 9601 Commons East Dr, Suite E, Charlotte, NC 28277. Plaintiff is a software solutions company that provides software and services that assist consumers with data management, business process management, enterprise portal solutions, and custom IT solutions.

2. Upon information and belief, Defendant aCommerce Co. Ltd. is a corporation organized under the laws of Thailand with a principle address of 689 Bhiraj Tower, 33rd Floor, Sukhumvit Road, Klongton Nua, Wattana, Bangkok 10110, Thailand. Upon information and belief, aCommerce Logistics Co. Ltd is a corporation organized under the laws of Thailand with a principle address of 689 Bhiraj Tower, 33rd Floor, Sukhumvit Road, Klongton Nua, Wattana,

Bangkok 10110, Thailand. aCommerce Co. Ltd. and aCommerce Logistics Co. Ltd. will be referred to collectively herein as the "Defendants."

## JURISDICTION AND VENUE

3. This is an action for trademark infringement and unfair competition arising under the Trademark Act of 1946, 15 U.S.C. § 1051 et seq., (the "Lanham Act").

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a) and (b); and 15 U.S.C. §§ 1116 and 1121. This Court has jurisdiction, pursuant to the principles of supplemental jurisdiction and 28 U.S.C. § 1367, over Plaintiffs' claims for unlawful and deceptive acts and practices under the laws of the State of Illinois.

5. Upon information and belief, this Court has personal jurisdiction over Defendants in that they transact business in the State of Illinois and in the Northern District of Illinois. Defendants own and operate the website acommerce.asia. A true and accurate copy of Defendants' website is attached as Exhibit 1. As illustrated in Exhibit 1, Defendants offer services to companies that have a U.S. presence and sell products within this jurisdiction, such as adidas, Samsung, L'Oreal, Microsoft, 3M, P&G, Philips, HP, Levis, among others.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Illinois.

## BACKGROUND FACTS

7. Plaintiff is engaged in the business of information technology and data management services including data warehousing and migration, providing web-based ERP software, and

custom IT solutions. Plaintiff's business is marketed and sold under the federally registered trademark identified in Paragraph 8 below. Defendants' use of Plaintiff's intellectual property is irreparably damaging Plaintiff.

8. Plaintiff is the owner of all rights, title, and interest in and to, *inter alia*, the trademark ACOMMERCE, U.S. Reg. No. 4,324,544 (International Reg. No. 1539605) (the "ACOMMERCE Mark"). The registration is valid, subsisting, unrevoked, and uncancelled. The registration for the Mark constitutes prima facie evidence of validity and of Plaintiff's exclusive right to use the Mark pursuant to 15 U.S.C. § 1057(b). Plaintiff's ACOMMERCE mark is incontestable under 15 U.S.C. §1065. A genuine and authentic copy of the U.S. federal trademark registration certificate for the ACOMMERCE Mark is attached as Exhibit 2.

9. Plaintiff's brand, symbolized by the ACOMMERCE Mark is a recognized trademark for Plaintiff's ACOMMERCE Enterprise Software, which is cloud-enabled enterprise software. Plaintiff has been using the ACOMMERCE Mark since at least 2006 in interstate commerce.

10. The ACOMMERCE Mark has been widely promoted, in this jurisdiction, in the United States, and throughout the world. The whole of the consuming public associates ACOMMERCE with Plaintiff, but also recognize that Plaintiff's goods and services sold in the United States originate exclusively with Plaintiff.

11. As of the date of this filing, Plaintiff's goods and services are sold throughout the world via its websites, https://www.vistaedge.com and https://www.acommerce.com.

12. Plaintiff maintains high quality standards for services and customer support for all of its goods and services, including those sold under the ACOMMERCE Mark.

13. The ACOMMERCE Mark is a highly visible and distinctive worldwide symbol of excellence and quality in the information technology, data management and enterprise software fields, and is uniquely associated with Plaintiff.

14. The ACOMMERCE Mark has never been assigned or licensed to any of the Defendants in this matter.

15. The ACOMMERCE Mark is a symbol of Plaintiff's quality, reputation, and goodwill, and has never been abandoned.

16. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, marketing, and otherwise promoting the ACOMMERCE Mark.

17. Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's ownership of the ACOMMERCE Mark, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

18. Plaintiff has identified the ACOMMERCE Mark on Defendants' websites and has felt the impact of Defendants' use of its ACOMMERCE Mark.

19. Defendants' use of the ACOMMERCE Mark on or in connection with the advertising, marketing, distribution, offering for sale, and the sale of its goods and services is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

20. Defendants have offered for sale goods and services under the ACOMMERCE Mark and continue to do so.

21. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the ACOMMERCE Mark in connection with the advertisement, offer for

sale, and the sale of their goods and services through, *inter alia*, the Internet. On information and belief, both of the Defendants have sold goods and services to consumers in the United States, including Illinois. Defendants offer goods and services under Plaintiff's ACOMMERCE Mark through the website salesforce.com. Attached as Exhibit 3 is a true and accurate copy of the salesforce.com webpage where Defendants offer infringing goods and services to consumers within the jurisdiction of this Court. As shown in Exhibit 3 attached to this Complaint, Defendants offered an API download under the name "aCommerce" which is available to consumers within the jurisdiction of this Court. The API download allows consumers to manage inventory, sales order creation, sales order status updates. Defendants offer this download to allow consumers within the jurisdiction of this Court to utilize their "aCommerce Management Portal," a software solution that directly competes with the goods and services offered by Plaintiff under the ACOMMERCE Mark.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

22. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

23. The Plaintiff's Mark and the goodwill of the business associated with it in the United States and throughout the world are of great and incalculable value. The Mark is highly distinctive and has become universally associated with the public mind with Plaintiff's goods and services. Consumers associate the Plaintiff's Mark with the Plaintiff as the source of the very highest quality goods and services.

24. Without the Plaintiff's authorization or consent, and having knowledge of the Plaintiff's well-known and prior rights in the Plaintiff's Mark, the Defendants have advertised, offered for

sale, and sold goods and services under Plaintiff's Mark to the consuming public in direct competition with Plaintiff's goods and services, thus being sold in and/or affecting interstate commerce.

25. Defendants' use of Plaintiff's registered ACOMMERCE trademark is likely to cause and is causing consumer confusion in the marketplace. The marks utilized by the Defendants are identical to Plaintiff's registered trademark that Plaintiff has used since at least 2006 and prior to any time of use of Defendants, and this confusion is likely to cause and has caused the general public to believe that the goods and services sold by Defendants under Plaintiff's ACOMMERCE Mark originate from, are associated with, or are otherwise authorized by the Plaintiff, all to the damage and detriment of Plaintiff's goodwill and sales.

26. Plaintiff is entitled to injunctive relief, damages, costs, reasonable attorneys' fees, and any other remedies the Court deems just and proper.

## COUNT TWO
## UNFAIR COMPETITION
## (15 U.S.C. §1125(a))

27. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

28. The goods and services advertised, offered for sale, and sold by the Defendants are of the same nature and type as the Plaintiff's goods and services advertised, offered for sale, and sold by the Plaintiff and as such, Defendants' use is likely to cause confusion within the general purchasing public.

29. Defendant's aforementioned acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's Mark in connection with their goods and services in interstate commerce constitutes unfair competition.

30. Plaintiff is entitled to recover injunctive relief, damages, costs, reasonable attorneys' fees under 15 U.S.C. § 1125, and any other remedies the Court deems just and proper.

31. The Plaintiff has no adequate remedy at law, and if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## COUNT THREE
## ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
## (15 U.S.C. §1125(d))

32. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

33. Defendants have registered and are using the domain name acommerce.asia.

34. Plaintiff's ACOMMERCE Mark was distinctive and registered at the time that Defendants registered the domain name acommerce.asia.

35. The domain acommerce.asia is confusingly similar to Plaintiff's ACOMMERCE Mark.

36. Defendants have no bona fide use of the acommerce.asia domain name.

37. Defendants are using the acommerce.asia domain name to divert consumers from Plaintiff's online offering of goods and services under its ACOMMERCE Mark solely to harm the goodwill of Plaintiff's ACOMMERCE Mark and for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the content of Defendants' website.

38. Defendants are using the acommerce.asia domain name without authorization from Plaintiff and with the bad faith intent to mislead and deceive the public.

39. Defendants' actions constitute cyberpiracy in violation of § 43(d) of the Trademark Act of 1946 (as amended), 15 U.S.C. § 1125(d).

40. Defendants' unauthorized registration and use of the acommerce.asia domain name has, is, and, unless remedied, will continue to cause injury to Plaintiff and the goodwill Plaintiff has built in the ACOMMERCE Mark and its business reputation.

41. Plaintiff is entitled to injunctive relief, damages, costs, reasonable attorneys' fees, and any other remedies the Court deems just and proper.

## COUNT FOUR
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES
## (815 ILCS 510)

42. The Plaintiff repeats and realleges the foregoing allegations above as if fully set forth herein.

43. The goods and services sold and offered for sale by Defendants are of the same nature and type as the Plaintiff's goods and services sold and offered for sale by the Plaintiff and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

44. By misappropriating and using the ACOMMERCE Mark Defendants misrepresent and falsely describe to the general public the origin and source of their goods and services and create a likelihood of confusion by consumers as to the source of such goods and services.

45. Defendants' unlawful, unauthorized and unlicensed distribution, offer for sale and/or sale of their goods and services create express and implied misrepresentations that the goods and services were created, authorized or approved by the Plaintiff, all to the Defendants' profit and to the Plaintiff's great damage and injury.

46. Defendants' aforesaid acts are in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 et seq., in that Defendants' use of the ACOMMERCE Mark in connection with their goods and services in interstate commerce, constitutes a false designation

of origin and unfair competition.

47. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, the Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants in favor of the Plaintiff on all counts as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   (a) using the ACOMMERCE Mark or any other confusingly similar mark or marks in connection with the advertising, offer for sale, and sale of related goods or services; and

   (b) further infringing the ACOMMERCE Mark; and

   (c) competing unfairly with Plaintiff in any manner; and

   (d) marketing, advertising, offering for sale, selling, goods and services under or bearing the ACOMMERCE Mark or any other confusingly similar mark or marks; and

   (e) using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the http://www.acommerce.asia/ website or any other domain name that is being used to sell or is the means by which Defendants could continue to sell goods or services under the infringing marks; and

  (f)  registering any additional domain names that use or incorporate any of the Plaintiff's mark.

2. That Defendants pay to Plaintiff

  (a)  profits obtained by Defendants from using the ACOMMERCE Mark, and that the amount of damages for infringement be increased by a sum not exceeding three times the amount thereof as provided by law under 15 U.S.C. § 1117;

  (b)  disgorgement of profits obtained by Defendants through their use of the ACOMMERCE Mark;

  (c)  statutory damages of One Hundred Thousand United States Dollars and No Cents ($100,000.00) for the registration of the domain name acommerce.asia as provided by law under 15 U.S.C. § 1117(d)

  (d)  exemplary and punitive damages;

  (e)  reasonable attorneys' fees; and

  (f)  costs and expenses.

3. That Defendants transfer the domain name acommerce.asia to Plaintiff.

4. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues that are triable by jury.

Respectfully Submitted,

Dated: November 20, 2020       By:  /s/ Kevin Keener

Kevin J. Keener
ARDC # 6296898
Keener & Associates, P.C.
161 N. Clark Street, Suite #1600

Chicago, IL 60601
(312) 375-1573
kevin.keener@keenerlegal.com